IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DEAN KARCH, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ALBUQUERQUE, a municipal corporation,<br><br>Defendant. | 29 U.S.C. § 216(b) Collective Action<br><br>CIV-05-620 MCA LFG<br>No._____<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT
### (29 U.S.C. § 216(b))

COMES NOW Plaintiff Dean Karch, by and through his counsel, YOUTZ & VALDEZ, P.C. (Shane C. Youtz and Stephen Curtice), and for his Complaint against the above-captioned Defendant, states as follows:

1. Plaintiff is a resident of New Mexico.

2. Defendant City of Albuquerque is a "home rule" municipal corporation located in New Mexico, and Plaintiff's employer.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

4. Plaintiff has been employed as a Lieutenant at the Metropolitan Detention Center, jointly run by Defendant and the County of Bernalillo, for ten years.

5. Defendant classifies Plaintiff as "exempt" under the FLSA. Despite this classification, Plaintiff's compensation and duties are such that he should be classified as "non-exempt."

6. During the past three years Plaintiff has routinely worked more than forty hours a week; as a result of Defendant's mis-classification, Plaintiff was not given overtime pay for hours in excess of forty, in violation of the FLSA.

7. Defendant has had problems with mis-classification in the past. Recognizing that its classifications were hopelessly incorrect, Defendant performed an audit of its classification scheme. That audit was woefully inadequate. Further, contrary to provisions of the applicable collective bargaining agreement and memoranda of understanding between Defendant and AFSCME Local 3022, Defendant did not properly involve the Union in its self-serving audit.

8. Defendant's refusal to properly classify its employees persisted beyond its internal audit. Indeed, Plaintiff is not the only employee in Defendant's employ who is mis-classified. Filed concurrently with this complaint are consent to join notices of fourteen other employees of Defendant's, in several job classifications, who are also mis-classified as exempt. As with Plaintiff, the primary job duties and form of compensation of these opt-in plaintiffs show that they should be classified non-exempt under the FLSA. A class of employees also exists who have been classified as non-exempt, but who have not received time and one half for hours worked beyond forty in a workweek.

9. Like Plaintiff, these opt-in plaintiffs have regularly worked more than forty hours a week without receiving overtime compensation for those hours in excess of forty.

10. These opt-in plaintiffs represent the following job classifications: Family Development Specialist, Head Teacher (Child Development Program), Transit Supervisor, Golf Course Superintendent, Supervisor, and Case Management Employee. Plaintiff and all opt-in plaintiffs are classified as M-Series employees under Defendant's classification scheme.

11. All opt-in employees, like Plaintiff, are members of a bargaining unit represented by AFSCME, Local 3022. Under Albuquerque's Labor-Management Relations Ordinance, supervisors are not permitted to bargain collectively through a union.

12. Defendant violated the FLSA (29 U.S.C. § 201 et seq.) by refusing to pay M-Series

employees overtime for time worked in excess of 40 hours a week.

13. Such a violation was willful within the meaning of 29 U.S.C. § 255(a), particularly considering Defendant's past problems with classification, its failure to properly remedy the past violations though a cursory audit, and its refusal to involve the Union in its efforts to properly classify employees.

14. Plaintff and opt-in plaintiffs seek money judgment for all overtime work performed by not paid as defined and required by the FLSA (29 U.S.C. § 201 et seq.) for themselves and other similarly situated employees in an amount to be determined by the trial of fact and/or the Court, together with all damages and costs allowed by 29 U.S.C. § 216.

15. Plaintiff and opt-in plaintiffs also seek a temporary and permanent injunction, pursuant to 29 U.S.C § 216, prohibiting Defendant from further violating the FLSA (29 U.S.C. § 201 et seq.) by refusing to pay Plaintiff, opt-in plaintiffs, and all similarly situated employees, overtime wages for work performed in excess of 40 hours.

16. Plaintiff brings this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and a class representing all persons employed by Defendant classified as exempt in the M-Series.

17. The proposed class consists of over 700 current and former employees.

18. Common issues of law and fact exist, which make members of the collective action similarly situated for purposes of a collective action including, but not limited to, the following:

    a. Whether Defendant is an employer as that term is defined by the FLSA.

    b. Whether Defendant's failure to adequately address its admitted past classification errors shows that its mis-classification is willful.

    c. Whether Defendant properly classified the employees of the M-Series as

exempt.

  d. Whether a claim for violations of the FLSA can be made out under the facts alleged herein.

19. A collective action is superior to other methods of resolving the controversy.

## COUNT I: FAILURE TO SATISFY THE SALARY BASIS TEST

20. Contrary to the regulations implementing the executive, administrative, and professional exemptions to the FLSA, Defendant does not pay employees in the M-Series on a salaried basis. Instead, Plaintiff, opt-in Plaintiffs, and all others similarly situated are paid on an hourly basis, and have their weekly paycheck docked for absences less than a day.

21. Many of the opt-in plaintiffs are required to submit time sheets with their hours. When those hours exceed forty per week, many are then required to edit the time cards so that they inaccurately reflect only 40 hours worked.

22. Defendant's leave policy is not one enacted pursuant to principles of public accountability, as that phrase is understood under the regulations implementing the FLSA.

23. By virtue of Defendant's treatment of the members of this collective action as hourly employees, rather than salaried employees, their classification of those same employees as exempt is incorrect under the regulations interpreting the FLSA.

## COUNT II: MIS-CLASSIFICATION OF STATUS

24. Apart from the hourly nature of the employment of the members of the collective action, Defendant has improperly classified members of this collective action as exempt. These employees do not meet the requirements of the executive, administrative, professional, or any other relevant exemptions, under the FLSA, as implemented through regulation.

25. Thus, Defendant violated the FLSA by not paying those mis-classified employees

overtime at one and a half times the normal hourly wage for work in excess of forty hours a week. As a result, Plaintiff, opt-in plaintiffs, and all others similarly situated are entitled to damages, fees and expenses as set forth in the FLSA.

26. Defendant's failure to pay these wages was willful and intentional.

27. As a direct and proximate result of Defendant's failure to properly pay overtime wages, Plaintiff, opt-in plaintiffs, and all others similarly situated, have suffered damages in the form of lost wages and lost use of such wages.

## COUNT III: NON PAYMENT TO EMPLOYEES
## CLASSIFIED AS NON-EXEMPT

24. Defendant has properly classified members of this collective action as non-exempt, but has not paid some of these non-exempt employees for time worked beyond forty hours in a given workweek.

25. Thus, Defendant violated the FLSA by not paying those employees overtime at one and a half times the normal hourly wage for work in excess of forty hours a week. As a result, Plaintiff, opt-in plaintiffs, and all others similarly situated are entitled to damages, fees and expenses as set forth in the FLSA.

26. Defendant's failure to pay these wages was willful and intentional.

27. As a direct and proximate result of Defendant's failure to properly pay overtime wages, Plaintiff, opt-in plaintiffs, and all others similarly situated, have suffered damages in the form of lost wages and lost use of such wages.

## CONCLUSION

WHEREFORE, Plaintiff prays for:

a. That the class be certified under the FLSA as a collective action and that Plaintiff be

allowed, at the earliest possible time, to give notice, or that the Court issue such notice, to all M-Series employees of Defendant's in all locations within New Mexico that this action has been filed, the nature of the action, and of their right to opt in to this lawsuit if they worked overtime but were not paid for such time;

    b.    Trial by jury;

    c.    Compensatory damages;

    d.    Liquidated damages pursuant to statute;

    e.    A preliminary and permanent injunction pursuant to 29 U.S.C. 216 as the Court finds appropriate to prohibit Defendant from further violating the FLSA;

    f.    Pre- and post- judgment interest as permitted by law;

    g.    Attorneys fees and such other and further relief as may be necessary and appropriate.

Dated: June 3, 2005

Respectfully submitted,

YOUTZ & VALDEZ, P.C.

Shane C. Youtz
Stephen Curtice
420 Central Ave. SW, Suite 210
Albuquerque, NM 87102
(505) 244-1200
*Attorney for Plaintiff*