IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEAN KARCH, on his own behalf
and on behalf of all others similarly
situated,

      Plaintiff,

      vs.           No. **CIV-05-620 MCA/LFG**

**CITY OF ALBUQUERQUE,**
a municipal corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on minority Plaintiffs' *Motion to Amend Complaint* [Doc. 24], filed November 28, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

## I. BACKGROUND

On June 3, 2005, Plaintiff Dean Karch, by and through his counsel, Youtz & Valdez, P.C., filed a *Collective Action Complaint (29 U.S.C. § 216(b))* against Defendant City of Albuquerque. [See generally Doc. 1]. In his *Complaint*, Plaintiff alleges that Defendant misclassified him and other City employees as exempt when, in fact, they should have been classified as non-exempt for purposes of receiving overtime pay under the provisions of the Fair Labor Standards Act ("FLSA"). According to Plaintiff, over the past three years he has routinely worked more than 40 hours a week, but because Defendant has misclassified him

as exempt, he has not received overtime pay for hours in excess of 40. [Doc. 1 at 1]. Plaintiff further represents that "[a] class of employees also exists who have been classified as non-exempt, but who have not received time and one half for hours worked beyond forty in a workweek." [Id. at 2]. In addition to asserting a claim for failure to satisfy the salary basis test (Count I), Plaintiff also asserts that Defendant has misclassified members of this collective as exempt and has violated the FLSA by not paying those misclassified employees overtime at one and a half times the normal wage for work in excess of forty hours a week (Count II). Finally, Plaintiff claims that, although Defendant has properly classified some members of this collective action as non-exempt, it has failed to pay these non-exempt employees for time worked beyond forty hours in a given workweek (Count III). [Id. at 4-5]. All other employees that Plaintiff purports to represent ("the majority Plaintiffs") are M-Series employees[1] who are members of a bargaining unit represented by AFSCME, Local 3022. Plaintiff represents that the proposed class consists of over 700 former and current employees. [Id. at 2, 3; see also Doc. 51].

On November 28, 2005, opt-in Plaintiffs ("the minority Plaintiffs"), represented by Paul Livingston, Esq., moved to amend the *Complaint*. [Doc. 24]. The minority Plaintiffs assert that "[t]he proposed First Amended Complaint maintains the nature of this Fair Labor Standards Act (FLSA) lawsuit in every respect, including all the contentions of violations of the law by misclassification of City employees and former-employees included in the

---

[1] The M-Series employees identified in the *Complaint* occupy entry-level management positions. [See Doc. 33 at 1].

initial Complaint." [Doc. 25 at 2]. The minority Plaintiffs explain, however, that they propose to expand the class from M-Series employees only to all current and former City employees who are or have been denied their rightful overtime wages. This would include Fire Department lieutenants and police officers under the level of Chief and Deputy Chief, as well as employees deemed exempt because they have been erroneously classified as temporary or seasonal workers. [Id. at 3]. The *Proposed First Amended Collective Action Complaint* ("the *Proposed Complaint*") is brought "on behalf of any and all misclassified employees and former-employees of the City of Albuquerque who have worked overtime but who have not been paid the full amount of overtime they are entitled to under the provisions of the FLSA." [Doc. 24, Attached *Proposed First Amended Collective Action Complaint* at 1-2]. The *Proposed Complaint* also alleges that "[a]s a result of the misclassification of employees as 'exempt' when they are actually 'non-exempt' employees as defined by the FLSA, these employees receive no overtime pay or less overtime pay than they are entitled to receive under the provisions of the FLSA[,]" and that "[a]n opt-in collective action under 29 U.S.C. Section 216(b) is appropriate in this case as all City employees who are misclassified as 'exempt' employees and work overtime are similarly situated and subject to the same under-payment or non-payment of overtime wages." [Id., Att. at 3, 4].

Both the majority Plaintiffs and Defendant oppose the motion to amend. The majority Plaintiffs argue that, in the original *Complaint*, named Plaintiff Dean Karch sought

3

to represent a class of similarly situated current and former M-Series employees improperly denied overtime pay. The majority Plaintiffs contend that broadening the litigation to include all current and former employees of the City of Albuquerque would (1) radically alter the nature of the litigation; and (2) require inclusion of employees who are not similarly situated to Plaintiff, making a § 216(b) collective action impossible and the litigation unmanageable. [Doc. 35 at 2].

Reading the *Proposed Complaint* as identifying the proposed class as "any and all misclassified city employees who have worked overtime and not been paid appropriately[,]" Defendant contends that the *Proposed Complaint* "expands the original complaint far beyond its initial reach and basically extends to all current and former employees of the city[,]" such that the class is no longer limited to management employees, M-Series employees, or employees earning overtime. [Doc. 33 at 2]. Defendant notes that the issues of appropriate classification and exempt/non-exempt status are potentially before the Honorable Judith C. Herrera in Chavez, et al. v. City of Albuquerque, No. CIV-02-562 JH/ACT, and that if the currently pending motion to amend is granted in that case, two cases involving substantially the same issues will be proceeding, with the possibility of inconsistent results. [Id. at 2, 10]. Defendant also objects to the amendment on grounds that (1) an adequate class has not been identified, (2) the proposed amendment is futile, and (3) Defendant would be prejudiced by having to respond to two separate sets of plaintiffs represented by two sets of counsel pursuing separate theories of the case. [See generally

id.].

With respect to the arguments advanced by the majority Plaintiffs, the minority Plaintiffs reply that, while their proposed amendment would expand the class to include all current and former employees who are or have been misclassified as exempt, such an expansion would not make the litigation either impossible or unmanageable and would, by including employees who are actually similarly situated to Plaintiff Karch as a result of being erroneously classified as exempt, "add a scope and substance to the present M-Series employees' claims that will strengthen the case and benefit the employees." [Doc. 45 at 4]. The minority Plaintiffs also explain that by eliminating Count III of the original *Complaint*, they limit the claims and make them more viable by removing as potential class members employees who were properly classified as non-exempt but were nevertheless not paid for time worked beyond 40 hours in a given work week. [Id. at 4; see also Doc. 1 at 5].

As for Defendant's arguments, the minority Plaintiffs explain that Defendant misunderstands their position to be that they are seeking to include in the proposed class both exempt and non-exempt employees, when, in fact, they make it clear that their claims are limited to those of employees who have been misclassified as exempt. [Doc. 43 at 1-2]. The minority Plaintiffs insist that they have adequately identified the class as City employees mistakenly classified as exempt, and that a reasonable reading of the *Proposed Complaint* (as well as the original *Complaint*) does not support Defendant's suggestion that either set of Plaintiffs is asserting that all City employees have been misclassified. [Id. at 5-6; see also

Doc. 33 at 7, "Plaintiffs cannot honestly assert that all city employees are or may be improperly classified, as they do in both complaints."]. With respect to the similar litigation in Chavez, the minority Plaintiffs argue that if Defendant is truly concerned about defending against claims in two suits on the same subject, the answer lies in consolidation of the two cases, not in preclusion of valid claims. [Id. at 7]. The minority Plaintiffs also maintain that Defendant has no basis for its contention that amending the *Complaint* would be futile. [Id. at 8-9].

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading by leave of the court after a responsive pleading is served, and provides that leave shall be freely given when justice so requires.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993). Although Rule 15(a) sets forth a liberal amendment policy, leave to amend is not automatically granted in all cases but, rather, in those cases "when justice so requires." 4 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1487 (2d ed. 1990) (*quoting* Fed.R.Civ.P.

15(a)).

The original *Complaint* in this case (Plaintiff Karch's *Collective Action Complaint (29 U.S.C. § 216(b))*) alleges, among other things, that (1) "Plaintiff has routinely worked more than forty hours a week; as a result of Defendant's mis-classification, Plaintiff *was not given* overtime pay for hours in excess of forty, in violation of the FLSA[;]" (2) "like Plaintiff, [the majority Plaintiffs] have regularly worked more than forty hours a week *without receiving* overtime compensation for those hours in excess of forty; and (3) "Defendant violated the FLSA . . . *by refusing to pay* M-Series employees overtime for time worked in excess of 40 hours a week." [Doc. 1 at 1-3 (emphasis added)]. Thus, it appears that the foundation of the claims raised by the majority Plaintiffs is that they were denied any overtime pay to which they allege they were entitled.

By contrast, the *Complaint for Violation of the Fair Labor Standards Act* and the *First Amended Complaint for Violation of the Fair Labor Standards Act* in Chavez assert that a class of "current and former employees of the Defendant City of Albuquerque . . . have worked and been *partially* paid for overtime, but not been fully compensated under the FLSA for such overtime . . . ." [Doc. 1 at 2; Doc. 105 at 3 in case no. CIV-02-562 JH/ACT (emphasis added)]. The issue in Chavez is Defendant's alleged improper calculation of overtime rates, which is claimed to have caused the Chavez Plaintiffs to have been denied the full overtime compensation they were due . [Doc. 105 at 2-4 (CIV-02-562 JH/ACT)].

The minority Plaintiffs in the instant action purport to bring their action "on behalf

7

of any and all misclassified employees and former-employees of the City of Albuquerque who have worked overtime *but who have not been paid the full amount overtime* they are entitled to under the provisions of the FLSA." [Doc. Doc. 24, Attached *Proposed First Amended Collective Action Complaint* at 1-2]. The minority Plaintiffs also represent that they bring their action on behalf of "all the employees subject to the same scheme depriving them of their rightful overtime wages . . . ." [Doc. 25 at 3 (emphasis in original)]. Included in this group of employees are Fire Department lieutenants, police officers under the level of Chief and Deputy Chief, and, apparently, Transit Department workers. [See id.]. But these are the same employees represented or sought to be represented in Chavez. [See Doc. 105 at 3].[2] Additionally, to the extent that the minority Plaintiffs in the instant action are arguing that there exist City of Albuquerque employees who have not been paid the full amount of overtime wages to which they are entitled, this is the issue in Chavez. Because the proposed amendment in the instant action duplicates what is at issue in Chavez, the

---

[2] According to the *First Amended Complaint* in Chavez, the action therein is brought

> on behalf of all current and former employees . . . that have worked and been partially paid for overtime, but not been fully compensated . . . including, but not limited to, the personnel the Defendant City of Albuquerque employed or employs in the Fire Department, Police Department, the Corrections Department and/or the Detention Center; Department of Solid Waste Management Department; Public Works Department; Transit Department; Parks and Recreation Department; and all other departments, divisions or units.

[Doc. 105 at 3 (CIV-02-562 JH/ACT)].

minority Plaintiffs' motion to amend the complaint will be denied. See <u>Flintkote Co. v. Diener</u>, 185 F.Supp. 509, 510 (D.P.R. 1960) (denying motion to amend where proposed amended complaint was identical in form to, and sought same relief as, complaint filed by plaintiff in separate action).

### III. CONCLUSION

On the basis of the foregoing, the Court determines that Plaintiffs' *Motion to Amend Complaint* [Doc. 24] should be denied.

**IT IS, THEREFORE, ORDERED** that the *Motion to Amend Complaint* [Doc. 24] is **DENIED**.

**SO ORDERED** this 13th day of January, 2006, in Albuquerque, New Mexico.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge